IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES VASSELL,

                    Plaintiff,

                                                    Civil Action: 2:95-cv-11
v.                                                  Criminal Action: 3:89-cr-190

UNITED STATES OF AMERICA,

                    Defendant.


**REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTIONS FOR
SENTENCE REDUCTION, TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §
3582(c)(2), SEEKING RELIEF FROM JUDGMENT OR ORDER IMPOSING FINE, AND
RETURN OF SEIZED PROPERTY BE DENIED.**

## I. INTRODUCTION

### A.      Background

          Defendant was the only defendant named in an eighteen count superseding indictment

charging Defendant in Count 1 with conspiracy to possess with intent to distribute cocaine base

in violation of 21 U.S.C. § 846; in Counts 2 through 18 with distribution of cocaine in violation

of 21 U.S.C. § 841(a)(1).  On August 8, 1990, a jury found Defendant guilty of Counts 1, 3, 5,

11, and 13.  On March 28, 1991, Defendant was sentenced to a term of imprisonment of 350

months for Count 1, and 240 months for Counts 3, 5, 11, and 13 to run concurrently to the term

imposed under Count 1.

### B.      The Motions

          On January 16, 2007, Defendant filed a Motion for Sentence Reduction.[1]  On January 26,

---

[1] Docket No. 141

2007, Defendant filed a Motion Seeking Relief from Judgement of Order Imposing Fine.[2]  On

March 7, 2007, Defendant filed a Motion for Sentence Reduction.[3]  On January 25, 2008,

Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).[4]  On April 2,

2008, Defendant filed a Motion for Return of Seized Property.[5]  The Government filed a

Response to Defendant's Motions on April 24, 2008.[6]

## C. **Recommendations**

The undersigned recommends:

1. Defendant's Motions for Sentence Reduction (Doc. Nos. 141, 144) be **DENIED**

because Amendment 505 has no bearing on Defendant's sentence.

2. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No.

148) be **DENIED** because Amendment 9 to the Guidelines is not relevant to Defendant's

Sentence and because a reduction in sentence pursuant to Amendment 9 is not authorized by 18

U.S.C. § 3582(c)(2).

3. Defendant's Motion Seeking Relief from Judgment or Order Imposing Fine and

Motion for Return of Seized Property (Doc. Nos. 142, 149) be **DENIED** because the Judgment

and Commitment Order in Defendant's case clearly establishes Defendant was ordered to pay a

reduced fine of $12,500.

---

[2] Docket No. 142

[3] Docket No. 144

[4] Docket No. 148

[5] Docket No. 149

[6] Docket No. 154

## II.  FACTS

No testimony or other evidence was offered in support or opposition to any of Defendant's Motions.

### III.  MOTIONS FOR SENTENCE REDUCTION [7]

**A.     Contentions of the Parties**

Defendant argues the Court, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c), should give retroactive effect to Amendment 505 of the United States Sentencing Guidelines and reduce his base offense level from 40 to 38.  Defendant maintains such a reduction combined with his Criminal History Category I would result in a new sentencing range of 235-293 months imprisonment.

The Government argues Amendment 505 is irrelevant to Defendant's sentence because Defendant's base offense level was originally 36, and not 40 as alleged by Defendant.

**B.     Discussion**

18 U.S.C. § 3582(c)(2) provides a court may modify a term of imprisonment it has imposed, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." §1B1.10(c) of the United States Sentencing Guidelines identifies those amendments to the Guidelines that effectively lower an applicable guideline range and thereby trigger eligibility for consideration under § 3582(c)(2).  If none of the amendments listed in §1B1.10(c) apply, "a reduction in the defendant's term of imprisonment under 18 U.S.C § 3582(c)(2) is not consistent with this policy statement and this is not authorized."  U.S.S.G. §1B1.10(a).  Amendment 505 is

---

[7] Docket. Nos. 141, 144.

listed in §1B1.10(c) and reduces the top base offense level under § 2D1.1(c) from level 42 to level 38.

At the time of Defendant's sentencing in 1991, 500 grams or more of cocaine base resulted in a base offense level of 36. Because Defendant's relevant conduct totaled 2,172.61 grams of cocaine base, Defendant was assigned a base offense level of 36. He was also given a four level enhancement for his leadership role, resulting in a total offense level of 40. Contrary to Defendant's argument, his base offense level never exceeded 38. Accordingly, Amendment 505 has no bearing on Defendant's sentence.

## C. Recommendation

The undersigned recommends Defendant's Motions for Sentence Reduction (Doc. Nos. 141, 144) be **DENIED** because Amendment 505 has no bearing on Defendant's sentence.

## IV. MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) [8]

### A. Contentions of the Parties

Defendant argues the Court, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c), should give retroactive effect to Amendment 9 of the United States Sentencing Guidelines and reduce his sentence from 350 months to 235 months imprisonment.

The Government contends Defendant's reliance on Amendment 9 is misplaced because Amendment 9 does not provide a basis for a reduction in Defendant's sentence.

### B. Discussion

As discussed above, a defendant may seek to have his sentenced reduced pursuant to 18

---

[8] Docket. No. 148

4

U.S.C. § 3582(c)(2) where an amendment to the Sentencing Guidelines has subsequently reduced the defendant's sentencing range.  As also explained above, §1B1.10(c) of the United States Sentencing Guidelines identifies those amendments to the Guidelines that effectively lower an applicable guideline range and thereby trigger eligibility for consideration under § 3582(c)(2).

Amendment 9 to the Guidelines provides, "Section 2B1.2(b)(1) is amended by deleting 'taken', and inserting 'stolen' immediately before 'property.'" U.S.S.G. Appx. C, Amend. 9.  In addition to Amendment 9 not being relevant to a motion to reduce sentence, it is not listed in §1B1.10(c).  Accordingly, a reduction in Defendant's sentence under 18 U.S.C. § 3582(c)(2) is not authorized.  <u>See</u> U.S.S.G. §1B1.10(a)

## C.    <u>Recommendation</u>

The undersigned recommends Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 148) be <u>**DENIED**</u> because Amendment 9 to the Guidelines is not relevant to Defendant's sentence and because a reduction in sentence pursuant to Amendment 9 is not authorized by 18 U.S.C. § 3582(c)(2).

## V.  <u>MOTION SEEKING RELIEF FROM JUDGMENT OR ORDER IMPOSING FINE AND MOTION FOR RETURN OF SEIZED PROPERTY</u> [9]

## A.    <u>Contentions of the Parties</u>

Defendant argues the Court should order the Bureau of Prisons to stop taking funds from his account because United States District Judge Merhige found Defendant was indigent and waived the fine portion of Defendant's sentence.  Defendant also argues the Court should order

_____

[9] Docket Nos. 142, 149

the return of the $6,298.00 unlawfully withdrawn from his account to pay his fines.

The Government argues Defendant's arguments are without merit because the Judgment and Commitment Order established Defendant was ordered to pay a reduced fine of $12,500.

**B.** **Discussion**

Page four of Defendant's Judgment and Commitment Order reveals Defendant was ordered to pay a fine of $12,500 for Count 1. The Order directed Defendant to pay the fine in installments, as directed by the supervising probation officer. Page five of the Judgment and Commitment Order explained that the applicable fine range of $25,000 to $250,000 was "waived or below the guideline range, because of the defendant's inability to pay." While Defendant asserts the sentencing court found he was indigent and as a result waived his fines, the language of the Judgment and Commitment Order makes clear the sentencing court intended to merely reduce Defendant's fine due to his inability to pay.

Defendant's reliance on United States v. Rivera, 971 F.2d 876, 895 (2nd. Cir. 1992) is misplaced. In Rivera, the defendant's presentence report explicitly stated the "defendant does not appear to have the ability to pay the fine." Despite the presentence report's recommendation, the sentencing judge found the defendant was young and would eventually be working and imposed a fine of $17,500. Id. The Second Circuit vacated the defendant's sentence and remanded the case for consideration of the $17,500 fine because it held the sentencing court abused its discretion in overlooking the presentence report's recommendation. Unlike the presentence report in Rivera, Defendant's presentence report made no conclusion as to Defendant's inability to pay. Accordingly, Rivera is inapplicable.

**C.** **Recommendation**

The undersigned recommends Defendant's Motion Seeking Relief from Judgment or Order Imposing Fine (Doc. No. 142) and Motion for Return of Seized Property (Doc. No. 149) be **DENIED** because the Judgment and Commitment Order clearly establishes Defendant was ordered to pay a reduced fine of $12,500.

## VI.  RECOMMENDATIONS

The undersigned recommends:

1.  Defendant's Motions for Sentence Reduction (Doc. Nos. 141, 144) be **DENIED** because Amendment 505 has no bearing on Defendant's sentence.

2.  Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 148) be **DENIED** because Amendment 9 to the Guidelines is not relevant to the present motion and because a reduction in sentence pursuant Amendment 9 is not authorized by 18 U.S.C. § 3582(c)(2).

3.  Defendant's Motion Seeking Relief from Judgment or Order Imposing Fine and Motion for Return of Seized Property (Doc. Nos. 142, 149) be **DENIED** because the Judgment and Commitment Order in Defendant's case clearly establishes Defendant was ordered to pay a reduced fine of $12,500.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: May 2, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE