**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JAMES VASSELL,**

    Petitioner,

v.                                         **Civil Action No. 3:12-CV-23
Criminal Action No. 3:89-CR-190
(GROH)**

**UNITED STATES OF AMERICA**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Civ. Doc. 3; Crim. Doc. 198], filed March 28, 2012. In that filing, the magistrate judge recommends that this Court deny petitioner James Vassell's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc. 194], filed March 28, 2012.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R did not have the opportunity to become due pursuant to 28 U.S.C. § 636(b)(1) because Vassell was deported before he could be served with the R&R. Though the petitioner bears the burden of apprising this Court of any changes of address, see Crim. Doc. 196, this Court will nevertheless undertake a *de novo* review of the R&R.

## II. Background

Vassell, a native of Jamaica, was convicted by a jury in August 1990 of one count of conspiracy to distribute cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and four counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a). In March 1991, Vassell was sentenced to 350 months of imprisonment to be followed by a term of five years of supervised release. Vassell appealed. The United States Court of Appeals for the Fourth Circuit affirmed Vassell's conviction and sentence by an unpublished *per curiam* opinion on April 7, 1992. **United States v. Vassell**, 1992 WL 67793 (4th Cir. Apr. 7, 1992). Vassell petitioned the Supreme Court of the United States for a writ of *certiorari*, which the Court denied on October 18, 1992.

In January 1995, Vassell filed his first Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, which this Court denied in January 1999. Vassell appealed. By an unpublished *per curiam* opinion entered on July 27, 1999, the Fourth Circuit affirmed. **United States v. Vassell**, 1999 WL 543266 (4th Cir. July 27, 1999).

Vassell petitioned the Supreme Court for a writ of *certiorari*, which the Court denied on January 24, 2000.

On November 4, 2011, Vassell completed his sentence and was released from federal prison to begin his five-year term of supervised release. On January 31, 2012, from the Essex County Correctional Center in Newark, New Jersey, Vassell filed the instant action as a Petition for Writ of Error *Coram Nobis* [Crim. Doc. 191], asserting that his trial counsel was ineffective for failing to inform him that the entry of his guilty plea mandated subsequent deportation, and seeking vacation of his plea pursuant to **Padilla v. Kentucky**, – U.S. – , 130 S.Ct. 1473 (2010). Because Vassell is ineligible for *coram nobis* due to his ongoing term of supervised release, this Court has construed his petition as a § 2255 motion, which was refiled as such on March 28, 2012 [Civ. Doc. 1; Crim. Doc. 194].

Upon his initial review, Magistrate Judge Seibert entered the instant R&R [Civ. Doc. 3; Crim. Doc. 198] on March 28, 2012, recommending that this Court deny Vassell's § 2255 motion as untimely, improperly successive, and lacking in merit. On the same day, the Clerk of this Court sent the R&R by certified mail to Vassell at the Essex County Correctional Center. The R&R was returned as undeliverable on April 16, 2012 [Civ. Doc. 5; Crim. Doc. 202]. Upon inquiry to the Essex County Correctional Center, this Court was informed that Vassell was deported to Jamaica on March 16, 2012.

## III. <u>Discussion</u>

Upon a *de novo* review of the R&R, this Court agrees with Magistrate Judge Seibert's reasoning that Vassell's § 2255 motion is untimely, improperly successive, and lacking in merit.

### A. Timeliness of Motion

The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year limitation period within which to file any federal habeas corpus motion. The limitation period for a § 2255 motion runs from the last of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Vassell makes no specific argument for the application of subparagraphs (2), (3), or (4). However, even assuming that Vassell asserts the application of subparagraph (3) by his reference to **Padilla v. Kentucky**, – U.S. – , 130 S.Ct. 1473 (2010), and that the decision has retroactive effect, the instant § 2255 motion was not filed within one year of that decision and is thus untimely.

B.  **Successive Nature of Motion**

A successive motion must be certified as provided in § 2255 by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  A second § 2255 motion is successive if the first was dismissed on its merits.  See **Harvey v. Horan**, 278 F.3d 370 (4th Cir. 2002).

Here, Vassell's first § 2255 motion in this Court was dismissed on its merits, making the instant motion successive.  Even assuming that one of the above subparagraphs is applicable, Vassell has not obtained authorization from the Fourth Circuit to file this successive § 2255 motion.  Accordingly, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court is without jurisdiction to consider Vassell's successive § 2255 motion.

C.  **Merits of Motion**

Assuming the instant motion is properly before this Court, the same would nevertheless fail on its merits.  The record clearly reflects that Vassell did not plead guilty in the above-captioned criminal matter.  Instead, he was convicted after a two-day jury trial. As such, the only claim Vassell asserts is undoubtedly refuted by even a cursory review of the docket.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 3; Crim. Doc. 198]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein as well as the reasons herein stated. Accordingly, Vassell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 **[Civ. Doc. 1; Crim. Doc. 194]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Vassell has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner at his address of record.

**DATED:** May 7, 2012.

GINA M. GROH
UNITED STATES DISTRICT JUDGE